UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
DEVOE PROPERTIES LLC,

        Plaintiff,                                  Memorandum and Order
                                                                  09-cv-672

   - against -

ATLANTIC CASUALTY INSURANCE CO.

        Defendant.
----------------------------------------------------------x
GLASSER, United States District Judge:

Plaintiff Devoe Properties, LLC ("plaintiff" or "Devoe") filed this action against Atlantic Casualty Insurance Company ("defendant" or "Atlantic") pursuant to New York State Insurance Law § 3420(b), which provides, in substance, that any person who has obtained a judgment against an insured may maintain an action against the insurer, if the judgment against the insured remains unsatisfied for more than thirty days. Devoe, as explained hereafter, obtained a default judgment against Lexus Construction, Inc. ("Lexus"),[1] Atlantic's insured. Pending before the Court is Atlantic's motion for summary judgment, dismissing the case. Despite four extensions of time to respond to the motion, Devoe has not submitted one. For the following reasons, the defendant's motion is GRANTED.

---

[1] In its Verified Complaint, Devoe states that Lexus has altered its name with the Secretary of State and now does business as Four-Cap Construction Corp. See Verified Complaint, dated January 1, 2009, ("Ver. Compl.") ¶ 4.

# BACKGROUND

I.   **Construction at the Devoe Property**

The following facts are undisputed, unless otherwise noted. On or about March 27, 2006, plaintiff hired Fung Shung Dee Construction, Inc. ("Fung Shung Dee") as a general contractor and supervisor for the demolition of a pre-existing structure and the construction of a new condominium on land Devoe owned at 291 Devoe Avenue, Brooklyn, New York ("the Devoe Property"). Statement Pursuant to Rule 56.1 ("R. 56.1") ¶¶ 6-7 & Ex. L, ¶ 7. Immediately adjacent to the Devoe Property was a building at 293 Devoe Street, Brooklyn, New York, (the "Neighboring Property") owned by Vincent Ragone ("Ragone"). R. 56.1 ¶ 13.

Lexus was hired to perform part of the construction work at the Devoe Property. R. 56.1 ¶ 9 & Ex. P, at 11-12, 31. This work consisted of excavating an old foundation and removing soil to create a hole approximately 20 feet wide, 60 feet long, and ten feet deep to prepare the site for the new condominium's concrete foundation. R. 56.1 Ex. L, ¶ 8; Ex. N, at 20, 23-29; Ex. C, at 39. To accomplish this work, Lexus used an excavator[2] and trucks to remove the soil. R. 56.1, Ex. N, at 28-29, 72. Another company, Europa Construction Corp. ("Europa"), was hired to pour the new foundation. R. 56.1, Ex. N, at 20. Together, Lexus and Europa also performed underpinning work, removing supporting soil from under the Neighboring Property and replacing it with concrete. R. 56.1, Ex. Q, at 14-16. Lexus also completed the "backfilling," regrading soil against the concrete underpinnings. Id.

---

[2] Although there is some confusion in the record regarding what machine Lexus used, the witnesses' descriptions at deposition match that of an excavator. See R. 56.1, Exs. B, N, P & Q. An excavator, also commonly called a "digger," is a heavy construction machine consisting of a bucket and hydraulic boom attached to a rotating platform on tracks or wheels.

## II. Underlying Litigation

On July 12, 2006, the New York Department of Buildings ("NYDB") issued a stop-work order, finding there was a "failure to protect adjoining structure during excavation operations" and that "due to unsafe excavation and underpinning work," the Neighboring Property was damaged. R. 56.1 ¶ 24 & Ex. R. Ragone subsequently filed suit against Devoe for property damage and other relief (the "Underlying Action"). Ragone v. Devoe Properties, LLC, 035209/2006 (N.Y. Sup. 2006). The complaint in the Underlying Action (the "Underlying Complaint") alleged that during the course of the excavation, Devoe caused extensive damage to Ragone's foundation wall and interior walls. R. 56.1 ¶¶ 15-16 & Ex. K. This damage included cracks in the foundation and basement floor, mud and water seeping through those cracks, and movement of the foundation wall towards the excavation. Id.

On December 27, 2006, Devoe filed a Third-Party Summons and Verified Complaint against Fung Shung Dee, Lexus, and Europa (the "Third-Party Action"). R. 56.1 ¶ 17 & Ex. L. The Third-Party Action alleged that the damage to the Neighboring Building was "solely as a result of the negligence of third party defendants . . . in performing their obligations at the [Devoe Property] during the course of the excavation and the construction of the foundation. . . ." R. 56.1, Ex. L ¶ 14. Devoe sought contribution for any damage for which it was held liable in the Underlying Action. Id. at ¶ 19. Subsequently, Devoe settled the Underlying Action, purchasing the Neighboring Property for approximately $850,000. R. 56.1, Ex. N, at 60.

### III. Reporting of the Occurrence to Atlantic

Prior to construction at the Devoe Property, Atlantic issued to Lexus commercial general liability insurance, Policy L044000966, for the period of February 6, 2006 to February 7, 2007 (the "Policy"). R. 56.1 ¶ 1 & Ex. A. Among other things, the Policy obligated the insured to notify Atlantic "as soon as practicable" of any "occurrence" that might result in a claim. R. 56.1, Ex. A, at § IV(2)(a). The parties dispute when Lexus first became aware that the Neighboring Property had been damaged or that the damage might result in a claim against Lexus. In any event, Atlantic did not become aware of the Third Party Action until March 15, 2007. R. 56.1 ¶ 18 & Ex. B; Ex. C, at 183. Following an investigation, Atlantic disclaimed the Policy's coverage of Lexus's work at the Devoe Property on the ground that Lexus failed to make a timely report of the occurrence and for the additional reason that the Policy did not insure excavation work. R. 56.1 ¶ 26 & Ex. D.

### IV. Entry of Default Judgment

Neither Atlantic nor Lexus responded to the Third-Party Complaint. See R.56.1 Ex. M. On August 11, 2008, a default judgment was entered in favor of Devoe against Lexus in the amount of $547,962.00 (the "Underlying Judgment"). R. 56.1 ¶ 31 & Ex. M. Devoe filed this action January 5, 2009, in the New York Supreme Court, Kings County, seeking to enforce that judgment against Atlantic, pursuant to New York State Insurance Law § 3420(b). R. 56.1 ¶ 32 & Ex. I. On February 13, 2009, Atlantic removed the action to federal court, pursuant to 28 U.S.C. § 1442(b).

**JURISDICTION**

This court has jurisdiction over this action pursuant to diversity of citizenship. 28 U.S.C. § 1332(a)(1). Plaintiff is a Limited Liability Company organized in the State of New York with its principal place of business in New York. Ver. Compl. ¶ 1. Atlantic is a North Carolina corporation with its principal place of business in North Carolina. Notice of Removal, dated February 13, 2009 ¶ 4. The amount in controversy exceeds $75,000.

**DISCUSSION**

Reviewing the evidence with the proper deference granted to the non-movant on a motion for summary judgment, it is clear that the judgment against Lexus derives from work that is excluded from the Policy's coverage. Because the Court finds that Lexus's work was not insured by the Policy, it is unnecessary to address the issue of timeliness.

### I.     Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87, 106 S. Ct. 1348, 1355-56, 89 L. Ed. 2d 538 (1986). As an initial matter, the moving party has the burden of demonstrating that no genuine issue of material fact exists. Matsushita, 475 U.S. at 586. Once the movant points to the absence of an issue, the non-moving party "may not rest upon the mere allegations or

denials" in its pleadings but must produce evidence of a genuine issue of material fact. See Fed R. Civ. P. 56(e). See also Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). A genuine issue of material fact exists when there is sufficient evidence favoring the nonmoving party such that a jury could return a verdict in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d (1986).

Credibility assessments and choices between conflicting versions of events, when material to the inquiry, are determinations that the Court must leave for a jury. See Fischl v. Armitage, 128 F.3d 50, 55 (2d Cir. 1997). "The courts must view the evidence in the light most favorable to the party against whom summary judgment is sought and must draw all reasonable inferences in his favor." L.B. Foster Co. v. Am. Piles, Inc., 138 F.3d 81, 87 (2d Cir. 1998) (citing Matushita, 475 U.S. at 587). If there remains no genuine issue of material fact then the moving party is entitled to judgment as a matter of law.

## II. Scope of the Policy

The parties do not contest that New York law applies to the Policy. "The New York approach to the interpretation of contracts of insurance is 'to give effect to the intent of the parties as expressed in the clear language of the contract.'" Mount Vernon Fire Ins. Co. v. Belize N.Y., 277 F.3d 232, 236 (2d Cir. 2002) (quoting Vill. of Sylvan Beach, N.Y. v. Travelers Indem. Co., 55 F.3d 114, 115 (2d Cir. 1995)). "Unambiguous terms are to be given their plain and ordinary meaning, and ambiguous language should be construed in accordance with the reasonable expectations of the insured when he

entered into the contract." McCarthy v. Am. Int'l. Grp., Inc., 283 F.3d 121 (2d Cir. 2002).

The Policy contains endorsements and exclusions, both relevant to the determination of whether the Policy applies to Lexus's work at the Devoe Property. It is well-settled that "exclusions from insurance policy coverage are given strict construction." Kimmins Indus. Serv. Corp. v. Reliance Ins. Co., 19 F.3d 78, 81 (2d Cir. 1994). See also Critchlow v. First UNUM Life Ins. Co. of Am., 378 F.3d 246 (2d Cir. 2004); State of New York v. Blank, 27 F.3d 783 (2d Cir. 1994). Policy exclusions are interpreted in a manner most beneficial to the insured. MH Lipiner & Son, Inc. v. Hanover Ins. Co., 869 F.2d 685, 687 (2d Cir. 1989); see also Miller v. Cont'l Ins. Co., 40 N.Y.2d 675, 678, 389 N.Y.S.2d 565 (1976) ("New York follows the "hornbook rule that policies of insurance . . . are to be liberally construed in favor of the insured."). "The insurer bears the burden of proving that the exclusion applies, that it is stated in clear and unmistakable language, and is subject to no other reasonable interpretation." U. S. Underwriters Ins. Co. v. Kum Gang, Inc., 443 F. Supp. 2d 348, 356 (E.D.N.Y. 2006) (citing Cont'l Cas. Co. v. Rapid-American Corp., 80 N.Y.2d 640, 652, 593 N.Y.S.2d 966, 609 N.E.2d 506 (1993)). Where a policy contains an endorsement, "[u]nder New York law, an endorsement must be read in conjunction with the entire policy, and the words of the policy remain in full force and effect except as modified by the endorsement." Id. (citing Cnty. of Columbia v. Cont'l Ins. Co., 83 N.Y.2d 618, 628, 612 N.Y.S.2d 345, 634 N.E.2d 946 (1994)).

Under New York law, "[d]etermining whether an insurer has a duty to defend requires an examination of the policy language and the allegations of the complaint to

see if the underlying complaint alleges any facts or grounds which bring the action within the protection purchased." Int'l Bus. Machs. Corp. v. Liberty Mutual Fire Ins. Co., 303 F. 3d 419, 424 (2d Cir. 2002) (citation omitted). An insurer will be relieved of this duty "only if it could be concluded as a matter of law that there is no possible factual or legal basis on which [the insurer] might eventually be held to be obligated to indemnify [the insured] under any provision of the insurance policy." Servidone Constr. Corp. v. Sec. Ins. Co. of Hartford, 64 N.Y. 2d 419, 424, 477 N.E.2d 441, 444 (N.Y. 1985). In contrast, "the narrower duty to indemnify arises only if the claim for which the insured has been judged liable lies within the policy's coverage. Thus . . . the duty to pay is determined by the actual basis for the insured's liability to a third person." Allianz Ins. Co. v. Lerner, 416 F.3d 109, 115 (2d Cir. N.Y. 2005). Because a judgment has already been entered against Lexus, the dispositive issue in this case is whether the tortious acts that formed the basis for that judgment are within the Policy's coverage.

It is clear and unambiguous that the Policy did not apply to the work Lexus performed at the Devoe Property. Under the terms of the Policy, Atlantic agreed to defend and indemnify Lexus against bodily injury and property damage "to which this insurance applies." R. 56.1 Ex. A, § I(1)(a). By an endorsement, the Policy stated the insurance would only apply to damage "classified or shown on the Commercial General Liability Coverage Declarations, its endorsements or supplements." R. 56.1 Ex. A. Those declarations stated that Lexus's business was "INTERIOR & EXTERIOR DEMOLITION (HAND TOOLS ONLY)" with an additional premium for "Carpentry." Id. Excluded from the Policy was property damage caused by "structural damage to any building or structure due to grading of land, excavation, borrowing, filling, backfilling . .

8

. moving, shoring or underpinning, raising or rebuilding of any building or part thereto." Id.

Even drawing all reasonable inferences in favor of the non-moving party, the evidence indisputably shows that Lexus's work at the Devoe Property consisted of using an excavator – a heavy construction machine – to excavate the prior foundation, excavate additional subsoil to expose the Neighboring Property's foundation, and then underpin and backfill that foundation. This work and the structural damage that it caused to the Neighboring Property is the sole basis for the Underlying Judgment against Lexus and this work fell squarely within the policy exclusions. Consequently, it is clear that Atlantic is not liable to indemnify Lexus for the Underlying Judgment.

## CONCLUSION

For the foregoing reasons, summary judgment is granted and the Verified Complaint dismissed with prejudice.

**SO ORDERED.**

Dated:      Brooklyn, New York
              October 4, 2011

                                          ___/s/_____
                                          I. Leo Glasser, U.S.D.J.